**In re Petition for DISCIPLINARY ACTION AGAINST Douglas M. STEVENS, an Attorney at Law of the State of Minnesota.**

No. C5–95–2282.

Supreme Court of Minnesota.

Dec. 15, 1995.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Douglas M. Stevens violated the Rules of Professional Conduct in the administration of a trust, originally as a co-trustee and later as sole trustee, by, among other things, engaging in self-dealing by making loans of trust funds to himself and related parties and by entering into a joint venture with the trust, by failing to make payments to the trust beneficiaries and distributions pursuant to the terms of the trust, by failing to file annual reports and proof of service with the probate court and failing to schedule probate court hearings regarding the administration of the trust; and

WHEREAS, the Director and respondent have entered into a stipulation wherein respondent agreed to dispense with panel proceedings and waived his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, to a referee hearing and to a hearing before this court, and in which he unconditionally admits the allegations of the petition, with some explanation, and wherein they jointly recommend to the court that the appropriate discipline is a public reprimand and a limited supervised probation for continuing administration of the trust for a period of 2 years or until final distribution of the assets of the trust, whichever is longer. They recommend that the terms of the probation be that—

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of

four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor.

d. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation.

e. Respondent shall take steps to appropriately invest the remaining funds of the [Trust], manage and dispose of remaining real estate in the trust, confer with the beneficiaries of the trust and reach agreement concerning final distribution of the trust funds and termination of the trust. All actions shall be in accord with the terms and conditions of the trust.

f. Respondent shall report at least quarterly to his supervisor concerning his progress in accomplishing the objects set forth in paragraph e. above; and

WHEREAS, this court has independently reviewed the record and agrees that the recommended discipline is appropriate based on the agreed-to conduct,

IT IS HEREBY ORDERED that respondent Douglas M. Stevens is publicly reprimanded and is placed on limited supervised probation for 2 years or until the trust assets are finally distributed, whichever is longer, under the terms agreed to in the parties' stipulation. The Director is awarded $750 in costs pursuant to Rule 24.

BY THE COURT:

/s/ Mary Jeanne Coyne
Mary Jeanne Coyne
Associate Justice